THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
ROBERT RYAN,                                  )
                                              )      **Case No.**
            Plaintiff,                        )
                                              )
        -against-                             )      **VERIFIED COMPLAINT**
                                              )
ROCK GROUP NY CORP., SIMRANPAL                )
SINGH, and PRABHJIT SINGH                     )
                                              )
            Defendants.                       )
                                              )
------------------------------------------------------------ x

Plaintiff, ROBERT RYAN ("Ryan" or "Plaintiff"), by and through the undersigned counsel, as and for his Verified Complaint against Defendants ROCK GROUP NY CORP., ("RGNY"), SIMRANPAL SINGH ("SINGH"), and PRABHJIT SINGH ("ROCKY") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF ACTION

1. This is an action by Ryan for damages arising out of Defendants' failure and willful refusal to pay Ryan wages rightfully due and owing.

2. Specifically, from in or around 2013 up to and including January 2018, Defendants employed Ryan as an Executive Vice President of RGNY.

3. RGNY specializes in large scale construction projects in and around the five boroughs of New York City.

4. Ryan was specifically responsible for the scaffolding line of business.

5. Ryan performed a significant amount of his work in New York County.

6. Pursuant to the terms of the parties' agreement, Ryan was to receive 10% of RGNY earnings on all projects for which he provided services.

7. At all times Ryan exclusively and faithfully performed services for RGNY to the complete satisfaction of customers, Singh and Rocky.

8. Nevertheless, Defendants have refused to pay Ryan 10% on RGNY earnings arising out of Ryan's performance.

9. As a direct result of Defendants actions, Plaintiff seeks compensatory and liquidated damages in an amount to be determined at trial, but believed to be not less than $510,000. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## PARTIES, JURISDICTION AND VENUE

10. Plaintiff Ryan is an individual residing in Hudson County, New Jersey.

11. Defendant Rock Group NY Corp. is a corporation organized and existing under the laws of the State of New York with its principal place of business in Westchester County, New York.

12. Defendant Singh is the Owner and Chief Executive Officer of RGNY.

13. Defendant Rocky is the General Manager of RGNY and is responsible for overseeing the day to day operations of RGNY.

14. Upon information and belief, Defendants Singh and Rocky each reside in Queens County, New York.

15. Defendants Singh and Rocky jointly made, and continue to make, all decisions on behalf of RGNY with respect to employee pay, hours worked, job duties, and the issuance of wage statements and notices to employees.

16. Defendants Singh and Rocky jointly exercised control over Plaintiff's pay rates, hours worked, job duties, and wage notices and statements during the course of Plaintiff's employment.

17. At all relevant times herein, all Defendants are "employers" within the meaning of the New York Labor Law ("NYLL")

18. At all relevant times herein, Plaintiff Ryan was an "employee" within the meaning of the NYLL.

19. The jurisdiction of this Court is invoked pursuant to the diversity of the parties, 28 U.S.C. § 1332. The jurisdiction this Court is further invoked pursuant to 28 U.S.C. § 1391.

20. Nearly all of the acts alleged herein occurred within New York County, New York, which is part of the Southern District of New York.

21. The amount in controversy in this action exceeds $75,000, exclusive of costs and fees.

## STATEMENT OF FACTS

22. Commencing in or around 2012, Defendants began pursuing Ryan to come to work for RGNY.

23. Ryan was known to Defendants as knowledgeable, talented, and connected in the scaffolding industry in and around New York City.

24. In or around 2013, the parties agreed that Defendants would employ Ryan as Executive Vice President where Ryan would be compensated at the rate of 10% of all RGNY earnings arising out of Ryan's efforts on RGNY's behalf.

25. Specifically, Ryan was responsible for:

    a. providing estimates on bids;

    b. "selling" the job to the client;

    c. submitting drafts and permits;

    d. creating the "plan" for the job;

    e. creating the materials list and schedule for the job; and

    f. overseeing the project from start through completion.

26. Ryan was not permitted to hold outside employment or perform services of a similar nature outside of his employment with RGNY.

27. RGNY provided Ryan with business cards, an email address, and an office.

28. RGNY supplied all materials necessary for Ryan to execute his scaffolding jobs.

29. Upon information and belief, Ryan was responsible for generating several million dollars in revenue for RGNY.

30. Throughout all relevant time periods, Defendants failed to provide Plaintiff with any written notice of his hours, rate of pay, pay day and other terms of employment in violation of New York Labor Law § 191(1).

31. Throughout all relevant time periods, Defendants failed to provide Plaintiff with wage statements at the time of payment of wages in violation of New York Labor Law § 191(5).

32. Initially, the parties' practice was that RGNY's Accounts Receivable Manager or Bookkeeper would provide Ryan with copies of client payments and thereafter Ryan would "invoice" RGNY for his portion of the revenue.

33. Commencing in or around July 2015, Defendants routinely failed to inform Ryan when client payments were received, and on several occasions, provided Ryan with falsified payment information to lessen the value of the 10% owed to Ryan.

34. Ryan made repeated requests to Defendants to make proper payment pursuant to their agreement.

35. On multiple occasions between July 2015 and January 2018, Ryan was reduced to begging Defendant Rocky for his earnings, out of desperate need to provide for his family.

36. In response, Rocky mocked and disparaged Ryan to clients and colleagues.

37. Rocky also regularly smeared Ryan to industry colleagues and clients by calling

him, *inter alia*, a liar, incompetent, crazy, and untrustworthy.

38. Upon information and belief, in early 2018, Rocky invited a mutual colleague to lunch and requested of him that he speak ill of Ryan to Ryan's current colleagues.

39. Upon information and belief, Rocky's sole purpose in requesting that Ryan be defamed was to damage Ryan's reputation and ability to conduct business.

40. On several occasions between July 2015 and January 2018, Rocky harassed Ryan in response to his requests, calling him, *inter alia*, a "slave", "a piece of shit" and "a nobody".

41. Despite Defendants' willful refusal to make payment, Ryan continued to perform pursuant to the parties' agreement through January 2018.

42. Defendants have <u>failed and refused to make any payment to Ryan whatsoever since July, 2017</u>.

## CLAIMS

### First Cause of Action
### (NYLL – FAILURE TO PAY COMMISSIONS PURSUANT TO §191-C)

43. Ryan repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

44. As alleged above, the parties agreed that Plaintiff would be employed by Defendants, to be compensated at the rate of 10% of all revenue generated as a result of Plaintiff's efforts.

45. At all times, Plaintiff fully and faithfully performed services on RGNY's behalf.

46. Upon information and belief, Plaintiff generated in multi-million dollars in revenue for RGNY.

47. Between July 2015 and July 2017, Defendants purposefully failed to pay Plaintiff the correct rate of pay.

48. Between July 2017 and January 2018, Defendants willfully failed and refused to pay

Plaintiff ANY of the commissions to which he is entitled.

49. Upon information and belief, Plaintiff is owed at least $251,734.67 in earned commissions

50. As a result of Defendants actions as alleged herein, Ryan has been damaged in an amount to be determined at trial, but believed not to be less than $503,469.34.

## Second Cause of Action
## (PROMISSORY ESTOPPEL)

51. Ryan repeats and re-alleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

52. Defendants made a clear and unambiguous promise to Ryan that, if Ryan performed as the Executive Vice President of RGNY, he would be paid 10% of all revenue generated as a result of his performance.

53. Ryan reasonably and foreseeably relied upon this promise in devoting his time, energy, and professional efforts to working for RGNY.

54. As a result of the unfulfilled promise, Ryan sustained damages in an amount to be determined at trial.

## Third Cause of Action
## (UNJUST ENRICHMENT)

55. Ryan repeats and re-alleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

56. Ryan performed services for, and delivered work product to Defendants for which he was not compensated.

57. Defendants have failed and refused to make restitution for Ryan's services and work product.

58. Defendants' received and accepted Ryan's services and work product in connection with, *inter alia*, the expectation that Ryan would be paid 10% of all revenue generated as a result of his performance.

59. Defendants have received and continue to receive enormous benefit from Ryan's uncompensated services.

60. As a result, Defendants' have a legal or equitable obligation to account for such services and work product.

61. Defendants have failed to make such an accounting, and have failed to adequately compensate Ryan for his services and work product.

62. Ryan is owed the reasonable value of his services.

## Fourth Cause of Action
### (BREACH OF CONTRACT)

63. Ryan repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

64. At all times Ryan was qualified for his position with Defendants, performed well and fully performed any contractual or other legal obligations, if any, to Defendants.

65. Defendants breached their contractual obligations to Plaintiff by, among other items, failing to pay Plaintiff commissions, wages and other monies due and owing to him.

66. Plaintiff has been damaged by Defendants' unlawful conduct.

67. Defendants' conduct, as alleged herein, constitutes a breach of Defendants' contractual obligations to Plaintiff, and a breach of contract.

68. Plaintiff is entitled to an award of damages and lost interest and other relief from Defendants, including without limitation damages caused by Defendants' unlawful conduct, in an amount to be determined.

69.     Plaintiff is further entitled to an award of punitive and exemplary damages against Defendants, in an amount to be determined.

### Fifth Cause of Action
### (BREACH OF GOOD FAITH AND FAIR DEALING)

70.     Ryan repeats and re-alleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

71.     The Parties entered into a binding agreement by which Ryan would perform services for Defendants and Defendants would compensate Ryan at the rate of 10% of all revenue generated as a result of his performance.

72.     Defendants failed and refused to perform their duties under the parties' binding agreement.

73.     Defendants' obstinate actions frustrated the true intent of the parties' agreement.

74.     As a result of Defendants' breach of the covenant of Good Faith and Fair Dealing as alleged herein, Ryan has suffered substantial damages.

### Sixth Cause of Action
### (DEFAMATION)

75.     Ryan repeats and re-alleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

76.     Defendants have made misrepresentations about Plaintiff intending to damage Plaintiff's reputation internally and in the community in which Plaintiff conducts business.

77.     Defendants' actions are intentional and malicious and were intended solely to cause damage to Plaintiff's reputation.

78.     Plaintiff's reputation was actually damaged both internally and in the community at large as a result of Defendants' blatant misrepresentations.

79.     Based on the foregoing, Plaintiff demands that judgment be entered against Defendants

for an amount to be determined at trial.

## Seventh Cause of Action
### (NYLL – FAILURE TO FURNISH WAGE NOTICES AND WAGE STATEMENTS)

80. Ryan repeats and re-alleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

81. Defendants have willfully failed to supply Plaintiff with the required notice pursuant to the NYLL, violating New York Labor Law § 195 (1).

82. Defendants have willfully failed to supply Plaintiff with the statements required under the NYLL, violating New York Labor Law § 195 (3).

83. Due to Defendants' violations of New York Labor Law § 195 (1), Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each work week that the violations occurred up to a total of five thousand dollars ($5,000.00) per employee, as provided for by New York Labor Law § 198(1)-b, plus reasonable attorneys' fees, costs, injunctive and declaratory relief.

84. Due to Defendants' violations of New York Labor Law 195 (3), Plaintiff is entitled to recover from Defendants one hundred dollars ($100.00) for each work week that the violations occurred up to a total of five thousand dollars ($5,000.00), as provided for by New York Labor Law §198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a) Enter a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the State of New York, and the City of New York;

(b) Enjoin and permanently restrain the Defendants' violations of the laws of the State of New York;

(c)     A compensatory award of unpaid compensation due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' willful failure to pay compensation pursuant to New York Labor Law;

(e)     one hundred dollars for each work week that the violations of NYLL § 195(3) occurred or continue to occur, or a total of five thousand per Plaintiff, as provided for by NYLL § 198(1)-d;

(f)     fifty dollars for each work week that the violations of NYLL § 195(1) occurred or continue to occur, or a total of five thousand dollars per Plaintiff, as provided for by NYLL § 198(1)-b;

(g)     Judgment against Defendants for punitive damages;

(h)     Judgment for interest (including pre-judgment interest);

(i)     Judgment awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

(j)     Such other and further relief as to this Court appears necessary and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
       March 22, 2018

Respectfully Submitted,

GRANOVSKY & SUNDARESH PLLC

By: *Randi M. Cohen*

                Randi M. Cohen (RC-4448)
                Alexander Granovsky (AG-6962)
                48 Wall Street, 11th Floor
                New York, NY 10005
                Tel: (646) 524-6001
                Randi@g-s-law.com
                *Counsel for Plaintiff*

## VERIFICATION

STATE OF NEW JERSEY    )
                                         ) ss.:
COUNTY OF ~~HUDSON~~  )
                Bergen

ROBERT RYAN, being duly sworn and deposed, says that: he is the Plaintiff in the within proceeding; that he has read the foregoing Complaint and knows the contents thereof; that same are true to his own knowledge except as to matters stated to be upon information and belief; and as to those matters he believes them to be true.

*Robert Ryan* (signed)

Sworn to before me this

22 day of march 2018

*Yessica Jimenez* (signed)
Notary Public

YESSICA Y JIMENEZ
Notary Public – State of New Jersey
My Commission Expires Nov 28, 2022