```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/2/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT RYAN,  :
 :
                Plaintiff,  :
 :         1:18-cv-2600-GHW
      -against-  :
 :         ORDER
ROCK GROUP, NY. CORP., SIMRANPAL  :
SINGH, and PRABHJIT SINGH,  :
 :
                Defendants.  :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      For the reasons stated on the record during the January 2, 2020 conference, Defendants must complete its production with respect to categories (A), (B) and (C) as identified by Plaintiff's portion of the parties' December 24, 2019 joint letter, Dkt. No. 68, by January 15, 2020. In response to the evidence adduced by counsel for Plaintiff that Defendants have failed to produce all responsive materials, Defendants must also certify for the Court and its adversary that all of the emails identified by Plaintiff have been produced, as well as provide a complete explanation by affidavit from the individual who cloned Defendant Rock Group NY Corp.'s server explaining any gaps identified by Plaintiff.

      With respect to category (D) as identified by Plaintiff in its portion of the December 24, 2019 joint letter, Defendants conceded on the record that their production is incomplete. To the extent that Defendants wish to object to the scope of Plaintiff's request, the parties should file a joint letter by January 9, 2020 and address, among other things, the law on waiver with respect to untimely objections. Counsel for Defendants is reminded of its obligation under Fed. R. Civ. P. 11 which, *inter alia*, provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an

inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b).

With respect to category (E) as identified by Plaintiff in its portion of the December 24, 2019 joint letter, Defendants are directed to produce all responsive documents by January 9, 2020, again certifying to its completeness.

With respect to category (F) as identified by Plaintiff in its portion of the December 24, 2019 joint letter, by January 6, 2020 Defendants are directed to provide Plaintiff with the cell phone number and service provider information of every cell phone owned by each individual defendant and any other officers of Rock Group NY Corp. identified by counsel for Plaintiff during the relevant period.

With respect to categories (G) and (H) as identified by Plaintiff in its portion of the December 24, 2019 joint letter, Defendants are directed to produce all responsive documents, and again certify for the Court and Plaintiff that all documents have been produced by January 15, 2020.

Failure to comply with the Court's order may result in the imposition of sanctions, as provided in Fed. R. Civ. P. 37(b)(2), or otherwise.

SO ORDERED.

Dated: January 2, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge